PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD BRUCE MCGEE, | CASE NO. 4:11CV02608 |
| Plaintiff, | |
| v. | JUDGE BENITA Y. PEARSON |
| JANET BUNTZ, *et al.*, | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

*Pro se* Plaintiff Richard Bruce McGee filed this *Bivens*[1] action against Elkton Federal Correctional Institution ("FCI Elkton") Health Services Administrator Janet Buntz and FCI Elkton Chief Dental Officer Richard T. Higham. ECF No. 1. In the Complaint, Plaintiff asserts Defendants were deliberately indifferent to his serious dental needs. ECF No. 1. He seeks monetary and injunctive relief. ECF No. 1 at 10-11.

**I. Background**

Plaintiff was transferred to FCI Elkton in January 2007. ECF No. 1 at 2, ¶9. He requested a dental check-up appointment in February 2007, and in response to this request, he received an appointment on April 16, 2007. ECF No. 1 at 2-3, ¶¶10-11. At that time, he complained of sensitive teeth, bleeding gums, pain around his ears, toothache, snoring, bad breath, decayed teeth, and loose teeth. ECF No. 1 at ¶12. A second appointment was scheduled for June 27, 2007. ECF No. 1 at 3, ¶13. At the time of his appointment, however, the facility

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:11CV02608)

was on a lock down and Plaintiff was unable to attend the appointment. ECF No. 1 at 3, ¶13.

Plaintiff requested dental services in May 2008. ECF No. 1 at 3, ¶14. He was given an appointment with Rachel Esterly on July 17, 2008. ECF No. 1 at 3, ¶15. She reported heavy bleeding and inflammation of his gums. ECF No. 1 at 3, ¶15. He had teeth filled on August 4, 2008 and September 22, 2008. ECF No. 1 at 3-4. ¶¶16-17. Dr. Higham scheduled Plaintiff for oral surgery. ECF No. 1 at 3, ¶16.

Plaintiff reported to sick call on November 10, 2008 and November 13, 2008 complaining of swelling to his lower jaw. ECF No. 1 at 4, ¶18. Medical staff noted a lump in the area of the swelling. ECF No. 1 at 4, ¶18. At that time, another tooth was filled, and he was prescribed penicillin and ibuprofen. ECF No. 1 at 4, ¶19. The swelling continued to increase. ECF No. 1 at 4, ¶20. Plaintiff brought this to the attention of his unit manager on November 17, 2008. ECF No. 1 at 4, ¶ 20. Plaintiff was seen by a physician that same day who prescribed another medication, and told that he would be taken to an outside medical institution the following day. ECF No. 1 at 4, ¶20. He was admitted to St. Elizabeth's Hospital on November 18, 2008, where he was given intravenous antibiotics. ECF No. 1 at 5, ¶21.

Plaintiff underwent surgery on November 22, 2008 and November 25, 2008. ECF No. 1 at 5, ¶22. He was returned to the hospital on December 1, 2008 to have remaining tooth fragments removed. ECF No. 1 at 5, ¶23. He was seen for follow up care at FCI Elkton on December 22, 2008. ECF No. 1 at 6, ¶27.

2

(4:11CV02608)

On December 22, 2008, Plaintiff reported to sick call complaining of pain in his neck area.  ECF No. 1 at 6, ¶27.  He spoke with Dr. Higham, who consulted with a dentist outside of the prison, and arranged for Plaintiff to be transferred to the emergency room of St. Elizabeth's Hospital.  ECF No. 1 at 6, ¶27.  At that time, his right molar was removed.  ECF No. 1 at 6, ¶27.  He was given a CT scan, and a consultation with a cardiovascular surgeon.  ECF No. 1 at 6, ¶ 28-29.  Plaintiff was again prescribed antibiotics.  ECF No. 1 at ¶ 29.  Upon his release, he was seen by an infectious disease specialist.  ECF No. 1 at ¶ 31.

Plaintiff asserts two claims in his Complaint.  He first alleges that the Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  ECF No. 1 at 8-9.  In addition, he claims that from January 2007 to November 2008 he was subjected to a pattern of discrimination "due to his ethnicity and inexperience in dentistry."  ECF No. 1 at 10.  He indicates that the pattern of discriminatory behavior is obvious when the Defendants did not follow the Recommended Infection Control Practices for Dentistry issued by the Center for Disease Control which recommends treating infection first and then extracting the teeth.  ECF No. 1 at 10-11.  He contends he was denied Equal Protection under the Fifth Amendment.  ECF No. 1 at 10-11.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

3

(4:11CV02608)

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV02608)

### III. Law and Analysis

**A. Eighth Amendment**

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). A plaintiff must first demonstrate that his medical needs are objectively serious, involving a substantial risk of serious harm if not properly treated. *See Hudson*, 503 U.S. at 8; *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir.1990).

In addition, a plaintiff must also establish a subjective element showing that the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A plaintiff must establish that the defendants each had subjective awareness of his serious medical need and consciously disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

(4:11CV02608)

Serious dental needs are protected by the Eighth Amendment. *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). Here, Plaintiff's dental health and his infections appear to be objectively serious and could have posed significant harm to him if not properly treated. To state a claim under the Eighth Amendment, however, Plaintiff must also show that Defendants knew about his condition and consciously disregarded the risk to his health by either depriving him of medically necessary treatment or providing treatment which was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002); *Wright v. Sapp*, No. 02-5982, 2003 WL 1465184, at *2 (6th Cir. Mar. 17, 2003).

Plaintiff has not alleged facts to suggest that he was deprived of necessary medical care. He indicates that he requested a dental check-up appointment in February 2007 and received an appointment in April 2007. ECF No. 1 at 2-3. A second appointment was scheduled for June 27, 2007. ECF No. 1 at 2. Plaintiff requested dental services in May 2008 and was given an appointment on July 17, 2008. ECF No. 1 at 2. He had his teeth filled on August 4, 2008 and September 22, 2008. ECF No. 1 at 3-4. Dr. Higham scheduled Plaintiff for oral surgery. ECF No. 1 at 4. Plaintiff reported to sick call on November 10, 2008 and November 13, 2008 complaining of swelling to his lower jaw. ECF No. 1 at 4. Another tooth was filled, and he was prescribed penicillin and ibuprofen. ECF No. 1 at 4. When the swelling did not abate, he was taken St. Elizabeth's Hospital where he was admitted and given intravenous antibiotics. ECF No. 1 at 4-5. He received surgery on November 22, 2008 and November 25, 2008. ECF No. 1 at 5. He was returned to the hospital on December 1, 2008 to have remaining tooth fragments

6

(4:11CV02608)

removed. ECF No. 1 at 5. He was seen for follow-up care at FCI Elkton on December 22, 2008. ECF No. 1 at 6. When he reported to sick call on December 22, 2008 complaining of pain in his neck area, Dr. Higham arranged for Plaintiff to be transferred to the emergency room of St. Elizabeth's Hospital. ECF No. 1 at 6. He was given a CT scan, and a consultation with a cardiovascular surgeon. ECF No. 1 at 6. He was again prescribed antibiotics, and was seen by an infectious disease specialist. ECF No. 1 at 6. Accordingly, the record, at this point, essentially the Complaint suggests no facts that reasonably suggest that Janet Buntz or Dr. Higham were deliberately indifferent to his medical or dental needs. To the contrary, the record reflects that care was taken. And, to the extent it is relevant, liability cannot be predicated solely on negligence

### B. Equal Protection

In addition, Plaintiff claims Defendants subjected him "to a pattern of systematic and invidious discrimination . . . due to his ethnicity status and inexperience in dentistry." ECF No. 1 at 10. The Equal Protection Clause prohibits discrimination by government actors that either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). A threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Additionally, to state a claim under the "class-of-one" theory, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no

(4:11CV02608)

rational basis for the difference in treatment." *Umani v. Michigan Dept. of Corrections*, Case No. 10-1169, 2011 WL 2882254, at *7 (6th Cir. July 18, 2011) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The "rational basis" test means that courts will not overturn government action "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the [government's] actions were irrational." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000) (internal quotation marks and citation omitted). A "class of one" plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: (1)"negativ[ing] every conceivable basis which might support the government action"; or (2) demonstrating that the "challenged government action was motivated by animus or ill-will." *Klimik v. Kent Cnty Sheriff's Dept.*, Case No. 02-1774, 2004 WL 193168, at *4 (6th Cir. Jan. 30, 2004) (internal citations omitted).

     Here, Plaintiff has not demonstrated that he was intentionally treated differently from others similarly situated, and he has failed to demonstrate that the challenged government actions lack a rational basis. Plaintiff has not included any facts suggesting prisoners of other ethic backgrounds with his dental conditions were treated differently by Defendants. A complaint must contain factual allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See *Iqbal*, 129 S.Ct. at 1949. Absent allegations suggesting different treatment, Plaintiff cannot sustain an Equal Protection claim.

(4:11CV02608)

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]


IT IS SO ORDERED.


| March 22, 2012 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

9